UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN PEPICELLI, as he is TRUSTEE of the UNITE NATIONAL HEALTH FUND; and as he is TRUSTEE of the UNITE NATIONAL RETIREMENT FUND,<br>            Plaintiffs<br><br>vs.<br><br>A.T. SPORTSWEAR, INC.,<br>            Defendant | C.A. No. 04-12632 REK |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant A.T. Sportswear, Inc. (hereinafter "A.T.") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about March 7, 2005, issued a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $311,216.68, representing contributions owed to the

Funds for the period from January, 1998 through December, 2002, together with interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

## FACTS

A.T. was signatory to a series of successive collective bargaining agreements with the New England Joint Board, Union of Needletrades, Industrial and Textile Union ("UNITE"), requiring contributions to the Funds, including the collective bargaining agreement which was effective from June 15, 2000 through June 15, 2003 (the "Agreement"). A copy of the relevant pages of the Agreement is attached to the Complaint as Exhibit A. The Agreement required A.T. Sportswear to make monthly payments to the Funds, equivalent to a negotiated percentage of its total gross weekly factory payroll. See Affidavit of Lawrence Kleinman in Support of Plaintiffs' Motion for Entry of Default Judgment (Kleinman Aff.), par. 3.

According to the Agreement, A.T. was to make all payments to the Funds by the twentieth day of the month following the incurring of the obligation. Kleinman Aff., par. 4. The Agreement further provides that interest will be assessed at the rate of nine percent on all contributions that are unpaid after thirty days following the date on which the contributions are due. Kleinman Aff., par. 5.

The Funds determined through payroll records that A.T. owes $262,326.02 in unpaid fringe benefit contributions for the period January, 1998 through December, 2002. Kleinman Aff., par. 6. On July 24, 2002, the Funds' counsel sent A.T. a demand for payment of the $236,802.00 in contributions that it owed for the period March, 1997 through October, 2001, plus the estimated amount of $28,000.00 it owed for the period November, 2001 through June, 2002. Kleinman Aff., par. 7. To date, A.T. has failed and refused to pay the $262,326.02 that it currently owes the Funds in unpaid contributions for the period January, 1998 through

2

December, 2002. In fact, A.T. Sportswear has not made a payment to the Funds since an April/June, 1997 payment of $1,000.00. Kleinman Aff., par. 8.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via an audit of A.T.'s payroll records that the company owes the Funds $262,326.02 in unpaid benefit fund contributions due under the Agreement for the period from January, 1998 through December, 2002. Kleinman Aff., par. 8. Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, A.T. owes the Funds $23,609.34 in interest on the unpaid contributions. Kleinman Aff., par. 9.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, A.T. owes as liquidated damages an additional amount equal to the interest on the unpaid contribution. This would mean that A.T. owes an additional $23,609.34 as liquidated damages. Kleinman Aff., par. 10.

3

Attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g) (2)(D). Attorneys' fees and costs of this action are $1,671.98. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Lawrence Kleinman as to Military Service, Infancy, and Incompetence.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendant A.T. Sportswear, Inc. in the amount of $311,216.68, representing unpaid contributions for the period from January, 1998 through December, 2002, interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

WARREN PEPICELLI, as he is TRUSTEE of the UNITE NATIONAL HEALTH FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the [DEFENDANT] attorney of record for each other party by mail on 3/31/05

Dated: March 31, 2005
GAG/gag&ts
1127 04-533/memsupdj.doc